UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVA WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | ) CAUSE NO: 1:17-cv-774 |
| | ) |
| SKYVIEW PROPERTY GROUP, LLC | ) |
| and PF HOLDINGS, LLC, | ) |
| | ) |
|     Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Iva Williams ("Williams"), brings this action against Defendants, Skyview Property Group, LLC ("Skyview") and PF Holdings, LLC ("PF Holdings") (collectively "Defendants"), alleging that Defendants violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

**PARTIES**

2. Williams is a resident of the State of Indiana, who at all times relevant resided in Indianapolis, Indiana.

3. Skyview is a New Jersey Limited Liability Company doing business in the Southern District of Indiana.

4. PF Holdings is a New Jersey Limited Liability Company doing business in the Southern District of Indiana.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred by 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

6. Williams is an "employee" as defined by 29 U.S.C. § 2611(2)(A) and 42 U.S.C. § 2000e(f).

7. Skyview is an "employer" as defined by 29 U.S.C. § 2611(f)(A) and 42 U.S.C. § 2000e(b).

8. PF Holdings is an "employer" as defined by 29 U.S.C. § 2611(f)(A) and 42 U.S.C. § 2000e(b).

9. Williams satisfied her obligations to exhaust administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around June 15, 2016. Williams received a right-to-sue notice from the EEOC on or around January 24, 2017, and now timely files her lawsuit.

10. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 because all facts, events, and transactions giving rise to this lawsuit occurred in Indianapolis, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

11. Williams began working for Greystone Property Management ("Greystone"), a residential property management company, in or around 2007.

12. In or around 2011, Williams became a property manager for Greystone.

13. In or around February 2016, Greystone sold its Indianapolis properties to PF Holdings, which retained Skyview to manage all of its properties.

14. Skyview retained Williams and other staff in their same positions.

15. Skyview and PF Holdings were joint employers of Williams.

16. At all relevant times, Williams's work performance met or exceeded Defendants' reasonable expectations.

17. In early 2016, Williams was pregnant and had a due date on or around April 18, 2016.

18. On February 18, 2016, Williams emailed a Skyview human resources representative, giving notice of her intent to take maternity leave and requesting any paperwork that she needed to fill out.

19. The HR representative eventually responded that Williams needed to speak with Skyview Regional Human Resources Manager Heidi Munroe ("Munroe") about her maternity leave.

20. Williams contacted Munroe about maternity leave on or around March 1, 2016, and again requested any paperwork that she needed to have her doctor fill out, as she had an appointment the following week.

21. Munroe responded that she was not entitled to FMLA leave because she had not worked for Skyview for 12 months.

22. Williams called the Indiana Department of Labor and inquired about her entitlement to FMLA leave, and was informed that Skyview would be considered a successor in interest of Greystone for purposes of the FMLA and that Williams was entitled to FMLA leave.

23. Williams then informed Munroe of what she had been told by the Department of Labor.

24. Williams subsequently learned that Munroe called the Department of Labor and was given the same explanation.

25. Skyview and/or PF Holdings are considered a successor in interest of Greystone for

-3-

purposes of the FMLA pursuant to 29 C.F.R. § 825.107.

26. After Williams informed Munroe about what she had learned from the Department of Labor, Munroe told Williams that they were not even sure whether Williams was being retained as an employee, and that they were requiring her and other staff to fill out employment applications.

27. On February 18, 2016, Williams and other staff members received an email confirming their employment with Skyview/PF Holdings, and attaching documents to be completed, including a tax withholding form, a direct deposit form, and company policies on discrimination and harassment.

28. On March 10, 2016, Fred Kesserman (Principle with Skyview and/or PF Holdings) and Munroe terminated Williams's employment.

29. Any reason given by Defendants for the adverse actions taken against Williams are pretextual.

30. Defendants discriminated against Williams because of her pregnancy.

31. Defendants interfered with Williams's attempts to take FMLA leave and retaliated against her because of her requests for FMLA leave.

32. Williams has suffered and continues to suffer injuries as a result of Defendants' unlawful actions.

## CAUSES OF ACTION

### COUNT I - PREGNANCY DISCRIMINATION

33. Williams incorporates paragraphs 1-31 of her Complaint.

34. Defendants terminated Williams because of her pregnancy.

35. Defendants have accorded more favorable treatment to similarly situated employees who were not pregnant.

36. Defendants' actions were intentional, willful, and in reckless disregard of Williams's rights as protected by Title VII.

37. Williams has been harmed as a result of Defendants' unlawful actions.

## COUNT II - FMLA INTERFERENCE

38. Williams incorporates paragraphs 1-36 of her Complaint.

39. Defendants interfered with Williams's ability to take FMLA leave by terminating her before she was able to take FMLA leave.

40. Defendants' actions were intentional, willful, and in reckless disregard of Williams' rights as protected by the FMLA.

41. Williams has been harmed as a result of Defendants' unlawful actions.

## COUNT III - FMLA RETALIATION

42. Williams incorporates paragraphs 1-40 of her Complaint.

43. Defendants' subjected Williams to retaliation for requesting FMLA leave by terminating Williams.

44. Defendants accorded more favorable treatment to similarly situated employees who had not engaged in protected conduct under the FMLA.

45. Defendants' actions were intentional, willful, and in reckless disregard of Williams' rights as protected by the FMLA.

46. Williams has been harmed as a result of Defendants' unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Iva Williams, by counsel, respectfully requests that the Court find for her and order that Defendant:

a. Reinstate Williams to the same position, salary, and seniority, or in the alternative pay Williams front pay and benefits in lieu of reinstatement;

b. Pay lost wages and benefits to Williams;

c. Pay compensatory and punitive damages to Williams;

d. Pay liquidated damages to Williams;

e. Pay pre- and post-judgment interest to Williams;

f. Pay Williams's reasonable attorneys' fees and costs incurred in pursuing this matter; and

g. Provide to Williams any and all other legal and/or equitable relief that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Samuel M. Adams*
Samuel M. Adams, Attorney No. 24387-49

Attorneys for Plaintiff Iva Williams

## **DEMAND FOR JURY TRIAL**

Plaintiff, Iva Williams, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:		jhaskin@jhaskinlaw.com
		sadams@jhaskinlaw.com